THE HAMILTON STANDARD FEDERAL CREDIT UNION *v.*
ARMANDO MATURO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 13-613-114

Argued April 13—decided September 24, 1964

*Leonard E. Wladimer,* of Hartford, for the appellant (defendant).

*J. Weston Maher,* of Hartford, for the appellee (plaintiff).

PER CURIAM. The issue which the parties are attempting to present by this appeal is whether § 42-98 of the General Statutes, relating to foreclosures in connection with instalment sales financing, or chapter 848, dealing with chattel mortgages, applies to this case, where the plaintiff, the holder of a promissory note made by the defendant and secured by a chattel mortgage, sues to recover the

balance due on the note after repossession and sale of the mortgaged property. The defendant in his answer, as a special defense, alleges that the note was executed by him in connection with the purchase of a 1957 Chevrolet automobile.

There was no transcript of the evidence at the trial. Therefore no corrections in the finding can be made. We take the finding as it stands. No error can be predicated on the refusal to correct the finding. Practice Book § 965. "This rule naturally contemplates the fact that the notes of the trial judge are at best very sketchy and it would be virtually impossible for him to include every item of evidence in his notes." *State* v. *Dayton,* 23 Conn. Sup. 271, 274. From the finding in the case before us and from the remainder of the record on appeal it is virtually impossible for us to ascertain the facts. The finding, inter alia, fails to find that the transaction was a loan and not a sale, as alleged in the defendant's answer, or what was the unpaid balance at the time of the default, or the amount for which the automobile was resold, or the costs of repossession, or the amount of the deficiency, or that the plaintiff complied with the provisions of the mortgage relating to repossession and resale. In short, the finding fails to find such facts as are essential to sustain the judgment.

Under these circumstances we are unable to consider the questions which the parties seek to have us decide. In fairness to the parties the case should be remanded for a new trial. We repeat the advice contained in our decision in *Lang* v. *Marro,* 24 Conn. Sup. 128, 129: "If an appeal is contemplated by any party, it would seem to be the better part of wisdom to request that stenographic notes of the proceedings be made, for although . . . [Practice Book § 964] makes provision for assigning error

where there is no transcript available, some of the difficulties in appealing without a transcript may be insurmountable, as in the case at bar."

There is error, the judgment is set aside and a new trial is ordered.

PRUYN, KINMONTH and LEVINE, Js., participated in this decision.